## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## HONORABLE FREDERICK J. SCULLIN

## <u>UNIFORM PRETRIAL SCHEDULING ORDER</u>

**ALEXANDRA ZIMMERMAN**

                                  **Civil No. 1:21-CV-212 (FJS/DJS)**

**vs.**

**LIFE INSURANCE COMPANY OF NORTH AMERICA**

       Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

       **IT IS ORDERED** that:

**(1)    THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.**  *See* **Fed. R. Civ. P. 16(b).**

**(2)    <u>VENUE MOTIONS</u>** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (a)(2) and are to be made returnable before the assigned Magistrate Judge.

**(3)    <u>JURISDICTION MOTIONS</u>** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (a)(1) (unless a party who is not an attorney is appearing pro se, in which case L.R. 7.1 (b)(2) should be followed) and are to be made returnable before Judge Scullin.

**(4)    <u>JOINDER OF PARTIES:</u>** Any motion to join any person as a party to this action shall be made on or before **<u>May 1, 2021</u>**.

**(5)    <u>AMENDMENT OF PLEADINGS:</u>** Any motion to amend any pleading in this action shall be made on or before **<u>May 1, 2021</u>**.

**(6)    <u>STATUS REPORT:</u>** The parties are directed to file a status report on or before **<u>July 2, 2021</u>**.

**(7)**   **DISCOVERY:**

All discovery in this matter is to be **completed** on or before **January 2, 2022**. Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off).

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

**(A)**   **Expert Reports**:  With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

**(i)**   No later than **October 4, 2021, 90 days prior to the discovery deadline** set in Paragraph (7) above, **plaintiff(s)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Note**:  When a treating physician is expected to be called as a witness, he or she must also be identified in accordance with this rule.  The production of written reports prepared by a treating physician, pursuant to Fed. R. Civ. P. 26(a)(2)(B), is encouraged as an aid to settlement, but not required.  In the case of any treating professional or other expert witness not required by the court's rules to provide a written report, the party anticipating calling the witness must also disclose at least 90 days prior to the close of discovery, the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify, pursuant to Fed. R. Civ. P. 26(a)(2)(C).

**(ii)**   No later than **November 18, 2021, 45 days prior to the discovery deadline** set in Paragraph (7) above, **defendant(s)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**(iii)**   No later than **December 3, 2021, 30 days prior to the discovery deadline** set in Paragraph (7) above, **all parties** must identify all experts who will contradict or rebut evidence on the same subject matter identified by another party under Subparagraphs 7(A)(i) and (ii) above, and unless waived, shall serve on the other

parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**(iv)** No **deposition of experts** shall be taken until **after** the exchange of the expert reports, **UNLESS THE PARTIES AGREE.**

**(v)** Motions to preclude expert witness testimony must be filed and served on or before the motion deadline as set forth in Paragraph (8) below.

**(B)** <u>**Failure to comply**</u>:  The failure to comply with the deadlines set forth in Subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(C)** <u>**Unavailability of Expert Witness**</u>:  In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in Paragraph (13)(B)(ii) below for use at trial. In the absence of same, the trial will proceed without such testimony.

**(8)** <u>**MOTIONS**</u>:  Other than those made under Paragraphs (2) and (3) above, motions are to be **filed on or before <u>February 2, 2022</u>**.

**If no dispositive motion(s) are filed**, the motion filing deadline becomes the Trial Ready Date. (*See* Trial Date at 8(A) below.)  **If dispositive motion(s) are filed**, PLAINTIFF'S COUNSEL shall contact Senior Judge Scullin's Courtroom Clerk. (*See* Dispositive Motions at 7(B) below.)

**(A)** <u>**Non-Dispositive Motions**</u>:  Non-dispositive motions (except venue motions-paragraph (2) above-and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 37.1.

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1 (a)(2) and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before Judge Scullin, unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**(B)** <u>**Dispositive Motions:**</u>  Dispositive motions shall be filed in accordance with Local Rule 7.1(a) and shall be made returnable before Judge Scullin, unless the case has been assigned to a Magistrate Judge on consent of the parties pursuant to 28 U.S.C. § 636(c).

**(9)   TRIAL DATES:**

> **(A)   When no dispositive motion is filed**, the motion filing deadline becomes the trial ready date.  The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date.  Counsel may contact Senior Judge Scullin's Courtroom Clerk, at any time, to request that the Court schedule a settlement conference or trial date.
>
> **(B)   When a dispositive motion is filed and the motion filing deadline has expired**, the Court will mark the case trial ready upon issuance of the order disposing of the motion.  PLAINTIFF'S COUNSEL shall contact Senior Judge Scullin's Courtroom Clerk within one week after receiving the Court's decision on the motion(s) to request a scheduling conference, if the court does not set a date for such conference in its order.  Senior Judge Scullin will address any request for an extension of the Rule 16 Uniform Pretrial Order deadline(s) at the time of the conference.
>
> **(C)   When a dispositive motion is filed and the motion filing deadline HAS NOT expired**, the case will continue on the pretrial schedule previously set in the Rule 16 Uniform Pretrial Scheduling Order.  Any request for an extension of the Rule 16 Uniform Pretrial Order deadline(s) should be addressed by the assigned Magistrate Judge.

The parties anticipate that the trial will take approximately **7 Days** to complete. This is a **JURY** trial.  The parties request the trial be held in **Albany, NY**.

**TRIAL READY DATE:**  See Paragraph (9)

**Consent to Magistrate Judge:**  In accordance with the provisions of 28 U.S.C. §636(c) and Fed. R. Civ. P. 73, you are notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case including a jury or non-jury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is only permitted if all parties voluntarily consent.  An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this District Court. A consent form to the Magistrate Judge is attached to this order.

**Witness Availability for Trial:**  The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

**(10)  SETTLEMENT CONFERENCE**:   A settlement conference may be scheduled at the Court's direction or by the request of counsel AT ANY TIME.  In

addition to counsel, a representative of each party with **settlement authority must** personally attend the settlement conference, OR be available by telephone.  A PRETRIAL/SETTLEMENT CONFERENCE STATEMENT FORM IS ATTACHED, AND THE PARTIES SHOULD SUBMIT THIS FORM TO THE COURTROOM CLERK'S ATTENTION *ONE WEEK* PRIOR TO THE SCHEDULED CONFERENCE.

**(11)**   **ASSESSMENT OF JUROR COSTS**:  The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

**(12)**   **PRETRIAL SUBMISSIONS:**

**The parties shall electronically file all pretrial submissions, unless otherwise noted.**

**Non-Jury Trials**:  **One week before the Final Pretrial Conference date**, counsel shall file the following:

- Joint Pretrial Stipulation (*see* Subparagraph (A) below);
- Proposed Findings of Fact and Conclusions of Law;
- Depositions to be used at trial (***for filing*** *see* subparagraph E below);
- Witness List (*see* Subparagraph (B)(1) below);
- Exhibit List (*see* Subparagraph (C) below);
- Trial Brief concerning evidentiary issues (*see* Subparagraph (F) below);
- Motions *in Limine (see* Subparagraph (D) below).

**Jury Trials: One week before the Final Pretrial Conference date**, counsel shall file the following:

- Joint Pretrial Stipulation (*see* Subparagraph (A) below);
- Court Ordered Voir Dire (*see* Attachment #1);
- Proposed Voir Dire;
- Depositions to be used at trial (***for filing*** *see* subparagraph E below);
- Witness List (*see* Subparagraph (B)(1) below);
- Exhibit List (*see* Subparagraph (C) below);
- Trial Brief (*see* Subparagraph (F) below);
- Requests to Charge, including proposed Special Verdict Form (***for filing*** *see* Subparagraph (G) below);

- Motions *in Limine (see* Subparagraph (D) below).

**(A)**   **PRETRIAL STIPULATIONS**:  Counsel for all parties shall subscribe and file a joint pretrial stipulation, which shall contain:

**(1)**   The basis of federal jurisdiction;

**(2)**   A list of all exhibits which that parties can stipulate into evidence or which the parties will offer without objection as to foundation;

**(3)**   Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law that the Court must consider and apply.

**(B)**   **WITNESSES:**

**(1)**   **One week before the Final Pretrial Conference date**, counsel shall file the following information regarding the witnesses whom they may call to testify at trial other than solely for impeachment purposes.

**(a)**   The name and, if not previously provided, the address (city and state) and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony that the party expects each witness to offer.

**(b)**   The designation of those witnesses whose testimony the party expects to present by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony that the party will offer.

**(2)**   The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.  (Please refer to the attached instruction sheet for the use of video-taped depositions.)  **NOTE: Pursuant to Paragraph (9)(A) above, the trial date may be advanced to the motion filing deadline if the parties do not file any dispositive motions.**

**(C)**   **EXHIBITS**:  The parties shall premark all exhibits for identification in the manner prescribed below.  Counsel may choose to prepare an exhibit binder for each juror or present the exhibits using the courtroom evidence technology.  All juror exhibit binders should be brought to Court on the first day of trial.  Additionally, the parties shall provide Senior Judge Scullin's Courtroom Clerk with **two** complete

sets of the exhibits at the beginning of the trial regardless of whether or not courtroom technology is used to present evidence.

The opposing party shall have inspected and copied the exhibits at their expense (unless waived), **NO LATER THAN ONE WEEK PRIOR TO THE DATE SET FOR THE FINAL PRETRIAL CONFERENCE.**  The parties shall assemble in binder, store on electronic media, such as CDs or DVDs, or otherwise prepare for use with the **courtroom evidence technology (see below (C)(1))** all documentary materials, including, but not limited to, documents, photographs, charts, and diagrams that they intend to use as exhibits or to use during the court of trial.  **Counsel may visit the Court's website at** www.nynd.uscourts.gov **for information about the type of electronic equipment that is available in courtroom #5.**  The parties shall properly mark each document in the lower right corner for identification purposes as directly below.  In cases involving voluminous documents, the parties should consult with Senior Judge Scullin's Courtroom Clerk for the proper procedure to follow.

**(1)** **COURTROOM TECHNOLOGY**:  If the parties intend to use the courtroom equipment to display exhibits at trial, the Court directs counsel to contact the Courtroom Clerk **well in advance of the trial date** to make arrangements for testing the equipment.  **The Court does not provide** a person to run the equipment.  The courtroom is equipped with a) DVD unit, b) visual evidence presenter/document camera, c) VGA connections for laptops (no internet), and d) interpreter/hearing impaired headsets.  All non-proprietary DVD's (i.e., .avi, .mp3, .mp4, and .wmv) *should be compatible* with the Court's DVD player, *however*, **prior to the trial date, counsel must confirm compatibility.  If any portion of the DVD needs to be redacted, it is counsel's responsibility to provide a redacted copy for use at trial.**  Counsel may choose to use the visual evidence presenter/document camera to publish exhibits to the jury instead of or in addition to preparing exhibit binders.  The visual presenter/camera allows counsel to display documents, photos, objects, x-rays, and electronic presentations on monitors located throughout the courtroom, including the jury box.  Touch screen monitors are located at the podium and witness stand which allow counsel and the witness to place marks on an exhibit that is displayed on the monitor by touching the screen.  The VGA laptop connections are available at the podium and at the counsel tables (no internet).  **Audio cables are not available.**  Counsel must provide their own, if necessary.  If you are presenting evidence through a Macintosh laptop, a video connector/adaptor is required and is not provided by the Court.  **PLEASE NOTE:** In the event counsel's equipment is not compatible with the courtroom equipment, the Court is not responsible for supplying additional electronic parts to remedy the problem, which is why **it is critical that counsel test the equipment well in advance of trial.**  Additional courtroom technology information may be obtained on the court's webpage: www.nynd.uscourts.gov/courtroom-technology.

**(2)** <u>**EXHIBIT LISTS**</u>**: One week before the Final Pretrial Conference date**, counsel shall file an Exhibit List.  The parties shall list the exhibits on the form that the Court has prescribed, a copy of which is attached to this Order.  Counsel are to supply all the requested information with the exception of the columns with the headings "Marked for Identification", "Admitted Into Evidence", and "Witness", which should remain blank.

**(3)** <u>**EXHIBIT MARKERS**</u>:  Counsel may **use any style** exhibit marker/sticker.  The Court has **attached a proposed marker** to this order.  The parties shall assign numbers to all exhibits, using one of the following prefixes: "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Ex: Plaintiff should label its exhibits as follows: P-1, P-2, P-3, etc.  Defendant should label its exhibits as follows D-1, D-2, D-3, etc.  The Government should label its exhibits as follows: G-1, G-2, G-3, etc.

The parties shall affix the exhibit marker, whenever possible, to the lower right-hand corner of the exhibit.  If doing so would result in covering any information on the exhibit, that parties should affix the marker to the reverse side of the exhibit.

<u>**\*NOTE**</u>**: During the course of trial, the Courtroom Clerk shall take charge of all of the exhibits that the Court receives into evidence.  At the conclusion of the trial, the Courtroom Clerk will immediately return all of the exhibits to the proper parties.  It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

**(D)** <u>**MOTIONS IN LIMINE**</u>**:  One week before the Final Pretrial Conference date**, counsel shall file any motions in limine, citing the applicable rules of evidence and case law.  Counsel shall file any response to a motion in limine no later than **three days before the date set for the Final Pretrial Conference.**  <u>**THE PARTIES MAY NOT OTHERWISE FILE MOTIONS IN LIMINE WITHOUT LEAVE OF THE COURT.**</u>

**(E)** <u>**DEPOSITIONS**</u>**:  One week before the Final Pretrial Conference date**, counsel shall submit to the Clerk for forwarding to the Judge's chambers, copies of depositions (including video-taped/DVD depositions) that they intend to use at trial that are in dispute.  Please note that these depositions will be lodged with the Court and returned to counsel at the conclusion of trial.  To the extent possible, the parties should resolve any objections that they have.  The parties shall present any areas of unresolved disagreement to Senior Judge Scullin at the Final Pretrial Conference.  The parties shall bring all other depositions, including video-taped/DVD depositions, on the first date of trial.  <u>**Counsel shall provide the Court with an additional copy of all video-taped/DVD deposition testimony on the**</u>

**first day of trial for filing.**  (*See* attached instruction sheet for the use of video-taped/DVD depositions).

**(F)     TRIAL BRIEFS:  One week before the Final Pretrial Conference date**, counsel shall file a trial brief containing argument and citations to the applicable rules of evidence and case law regarding any and all disputed issues of law.  The parties should also include in their trial briefs any evidentiary issues that they expect to arise.

**(G)     REQUESTS TO CHARGE:   One week before the Final Pretrial Conference date**, counsel shall file a request to charge and a proposed Special Verdict Questionnaire.  The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues.  The parties do not need to include instructions that are relevant to all cases, e.g., instructions regarding burden of proof, types of evidence, and the role of the jury.

**(H)     REQUEST FOR REAL TIME TRANSCRIPTS:  One week before the trial date**, counsel may request that the court reporter provide a live realtime transcript or an end-of-day transcript.  **There is a charge for these services and counsel must make financial arrangements with the court reporter *prior to trial***.  When requesting a live realtime transcript, the following is required: 1) litigation support software, (i.e., LiveNote, Bridge or Caseview); 2) hardware (i.e., if laptop does not have a serial port, a USB to serial adaptor is required).  Counsel may obtain additional courtroom technology information on the Court's webpage: www.nynd.uscourts.gov/courtroom-technology

**(I)     Alternative Dispute Resolution**:

This action has been referred into the Mandatory Mediation Program.  The Court has discussed with the parties the time frame for completion of the Mandatory two-hour mediation session.  Mandatory Mediation shall be completed by **July 30, 2021**.  The Court will issue a separate order referring this case into the Mandatory Mediation Program.


        **SO ORDERED**


**DATED:**     **April 1, 2021**
               **Albany, NY**

Daniel J. Stewart
U.S. Magistrate Judge

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE: ALEXANDRA ZIMMERMAN vs. LIFE INSURANCE COMPANY OF
NORTH AMERICA
CIVIL ACTION NO.: 21-CV-212
ASSIGNED JUDGE OR MAGISTRATE JUDGE: FREDERICK J. SCULLIN

## ATTACHMENT #(1)

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week before the Final Pretrial Conference, or any other date set by the Court.

**NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:**

(use additional page if necessary)

**YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

(use additional page if necessary)

**SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.**

(use additional page if necessary)

-------------------------------------------------------------------------------

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by: _____

Date: _____

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **21-CV-212**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>　　**JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>　　　　DEPUTY CLERK |

Page 1 of _____

**United States District Court**
**Northern District Of New York**

Case No: **21-CV-212**
Date: _____
Presiding Judge: **Frederick J. Scullin**

□ Plaintiff                    □ Defendant                    □ Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned to Counsel (Date): _____

Signature: _____

Case No. **21-CV-212**

Page _____ of _____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned to Counsel (Date): _____

Signature: _____

# PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )

## ** THIS DOCUMENT WILL BE <u>PROVIDED TO</u> THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7

CASE NAME: **ALEXANDRA ZIMMERMAN vs. LIFE INSURANCE COMPANY OF NORTH AMERICA**

ACTION NO.: **21-CV-212**

ASSIGNED JUDGE: **FREDERICK J. SCULLIN**

ASSIGNED MAGISTRATE JUDGE: **DANIEL J. STEWART**

     Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case.  This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore **must be provided to the Court five (5) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED;**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS OF THE CASE;**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A**

**DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____
_____
_____
(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE;**

_____
_____
(use additional page if necessary)

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;**

_____
_____
(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;**

_____
_____
_____
(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;**

_____
_____
_____
(use additional page if necessary)

**THE RELIEF SOUGHT;**

_____
_____
_____
(use additional page if necessary)

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;**

_____
_____
_____
_____

(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;**

_____
_____
_____
_____

(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall NOT be served upon the other parties. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:     _____

Dated:                          _____

AO 85 (Rev. 01-09) Notice, Consent and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

_____   District of   _____

_____
                        Plaintiff
                           v.                                    Civil Action No.
_____
                        Defendant

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a Magistrate Judge's availability.*  A United States Magistrate Judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this court.  A Magistrate Judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a Magistrate Judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judgment who may otherwise be involved with your case.

*Consent to a Magistrate Judge's authority.*  The following parties consent to have a United State Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P.73.

Date:  _____

_____
                                          District Judge's Signature

_____
                                          Printed name and title

Note:   Return this form to the clerk of the court only if you are consenting to the exercise of jurisdiction by a United States Magistrate Judge.  Do not return this form to a Judge.